**SO ORDERED.**

**SIGNED this 29 day of August, 2012.**

_____
**Stephani W. Humrickhouse
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| **IN RE:** | **CASE NO.** |
| **DAVID R. ALLISON,** | **11-04728-8-SWH** |
| **DEBTOR** | |
| **ELIZABETH MCKINNY,** | |
| Plaintiff, | **ADVERSARY PROCEEDING NO.** |
| v. | **11-00312-8-SWH** |
| **DAVID R. ALLISON,** | |
| Defendant. | |

### Introduction

This matter is before the court on the plaintiff's motion for summary judgment in the adversary proceeding. A hearing was held in Raleigh, North Carolina on August 8, 2012. The court heard argument and took the matter under advisement.

### Background

This action is based upon a failed investment opportunity. In August of 2005, the defendant approached the plaintiff regarding Venture Capital in Motion, LLC ("VCIM"), and allegedly made

certain representations regarding the company and the investment. In response, plaintiff sent $500,000 to the defendant in November of 2005 for investment in VCIM. To evidence the transaction, defendant executed a promissory note to the plaintiff dated November 21, 2005. The funds were invested in VCIM but VCIM was unsuccessful and plaintiff's funds were lost.

The plaintiff initiated a civil action against the debtor on April 9, 2009, entitled <u>Elizabeth McKinny v. David R. Allison</u>, Case No. 09-cv-00817-PAB-KLM, in the U.S. District Court for the District of Colorado. The plaintiff's complaint in the district court action sought recovery for breach of the promissory note and securities fraud, alleging a violation of 15 U.S.C. § 78j(b), among other claims.

The parties entered into a settlement agreement (the "Settlement") in the U.S. District Court action on November 2, 2009. Under the terms of the Settlement, the defendant agreed to make six payments to the plaintiff for a total of $650,000. Paragraph III, C of the Settlement stipulated that the parties admitted no wrongdoing or liability. Additionally, the Settlement provided for the preparation of a "stipulated judgment" in the amount of the plaintiff's damage claims in the litigation, which could be recorded in the event the defendant defaulted on the Settlement. Finally, paragraph III, E provided that should the defendant file a petition for bankruptcy, and if the bankruptcy court avoided any portion of the Settlement, then the Settlement would be void *ab initio* in that bankruptcy, reviving all claims against the defendant and entitling the plaintiff to assert any rights and claims she had before the effective date of the Settlement.

After the debtor was unable to make the agreed upon payments, the Settlement was amended on March 11, 2010, pursuant to which the defendant was to make two payments for a total of

$590,000 and pledge 100,000 shares of National Gold Emporium, Inc, (sym: NGLF) to the plaintiff as security for the payments.

The defendant subsequently defaulted on the amended settlement, and the stipulated judgment was entered in favor of the plaintiff on February 15, 2011, in the amount of $849,212.08. The order granting plaintiff's motion for entry of the stipulated judgment made reference to the Settlement but was silent as to plaintiff's liability for securities law violations or fraud.

The defendant filed for chapter 11 bankruptcy protection on June 17, 2011 and the plaintiff initiated the present adversary proceeding on September 21, 2011. On April 30, 2012 plaintiff filed a motion for summary judgment, to which debtor/defendant responded.[1] The motion was heard on August 8, 2012 along with the confirmation of debtor/defendant's chapter 11 plan in the bankruptcy case. At the conclusion of the hearing, the court took the summary judgment motion under advisement and also withheld determination on confirmation of the debtor/defendant's plan of reorganization for 10 days in order to allow the debtor/defendant to amend his plan. The debtor/defendant amended his plan on August 13, 2012.

## Discussion

"[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). In making this determination, conflicts are resolved by viewing all facts and inferences to be drawn from the facts in the light most

---

[1] On June 1, 2012, defendant filed an Amended Objection to Motion for Summary Judgment and Motion for Summary Judgment. Defendant's motion for summary judgment was not calendared for hearing with the present motion.

favorable to the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S. Ct. 993, 994 (1962) (per curiam). Summary judgment is not a "disfavored procedural shortcut," but an important mechanism for filtering out "claims and defenses [that] have no factual basis." Celotex, 477 U.S. at 327, 106 S. Ct. at 2555. "[A] complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 323, 106 S. Ct. at 2552. Summary judgment should not be granted "unless the moving party has established his right to a judgment with such clarity as to leave no room for controversy." Portis v. Folk Constr. Co., 694 F.2d 520, 522 (8th Cir. 1982) (internal quotations omitted). The moving party bears the burden of establishing that the undisputed facts and applicable law warrant judgment. The burden then shifts to the non-moving party to establish a triable issue of material fact. See Celotex Corp. v. Cartrett, supra.

In her motion for summary judgment, plaintiff takes the position that the debt owed by the debtor/defendant is non-dischargeable under 11 U.S.C. § 523(a)(19) (violation of securities laws) as a matter of law because of the stipulated judgment entered by the Colorado district court.[2] Plaintiff bases her assertion upon the fact that her claims in the district court were for violations of securities laws and the Settlement, and ultimately the judgment, resulted in a debt owed by the debtor/defendant. As such, she maintains that there is no issue of material fact as to whether the requirements of § 523(a)(19) have been satisfied and she is entitled to judgment as a matter of law.

Section § 523(a)(19) provides that a debt is non-dischargeable if two conditions are met:

> (A)(i) [The debt is for] the violation of any of the Federal securities laws . . . , any of the State securities laws, or any regulation or order

---

[2] The plaintiff also asserts that her debt is non-dischargeable under 11 U.S.C. § 523(a)(2), but does not maintain a right to summary judgment under that section.

> under such Federal or State securities laws; or (ii) common law fraud, deceit, or manipulation in connection with the purchase or sale of any security; and
> (B) [the debt] results, before, on, or after the date on which the petition was filed, from– (i) any judgment, order, consent order or decree in any Federal or State judicial or administrative proceeding; (ii) any settlement agreement entered into by the debtor; or (iii) any court or administrative order for any damages, fine, penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost, or other payment owed by the debtor.

11 U.S.C. § 523(a)(19)(A)-(B).

In order for a debt to be non-dischargeable under this section, both prongs must be satisfied: (1) there was a violation of a securities law or fraud in connection with the sale of the security; and (2) it resulted in a debt which was memorialized in a judgment, settlement, or decree.  See Voss v. Pujdak (In re Pujdak), 462 B.R. 560, 575 (Bankr. D.S.C. 2011) reconsideration denied, 2011 Bankr. LEXIS 3054, 2011 WL 3585602 (Bankr. D.S.C. Aug. 11, 2011).  In the present case, plaintiff has shown that a debt owed to her has been memorialized in a judgment, but an issue of material fact still exists as to whether that debt is the result of violations of securities law or fraud.

Once a liability determination has been made by another court with respect to a violation of securities law, § 523(a)(19) requires the bankruptcy court to accept that determination without relitigating the issue.  The plaintiff correctly cites In re Jafari, 401 B.R. 494 (Bankr. D. Colo. 2009) and In re Pujdak in this regard.  In Jafari, the plaintiff in an adversary proceeding did not have a formal finding of fault from a non-bankruptcy court regarding the defendant's violation of securities law or fraud in connection with the sale of a security, and the court denied the plaintiff's motion for summary judgment on that issue.  Jafari, 401 B.R. 494.  In Pujdak, the plaintiff had previously obtained a default judgment against the defendant in a state court action, and when the state court entered judgment in favor of the plaintiff it specifically held that the defendant injured the plaintiff

5

and was liable for state securities law violations and fraud. Pujdak, 462 B.R. at 566. The bankruptcy court found that the state court judgment was a formal finding of fault for violation of securities law and the resulting debt of the debtor/defendant was a product of that judgment. Pujdak 462 B.R. at 581. As a result, both conditions of § 523(a)(19) were satisfied and debt was excepted from discharge in bankruptcy. Id.

In this case, a judgment has been entered in a non-bankruptcy forum which resulted in a debt owed by the debtor/defendant to the plaintiff. However, neither the Settlement nor the subsequent stipulated judgment contain a finding of fault for a securities law violation. In fact, the Settlement expressly states that neither party admits any wrongdoing or liability. Further, the stipulated judgment merely provides the amount of the judgment and interest, and the accompanying order provides only that a payment default occurred under the Settlement. Without a finding that a violation of securities laws or fraud occurred, an issue of material fact exists as to an essential element of § 523(a)(19).

Accordingly, the plaintiff's motion for summary judgment is **DENIED**.

**SO ORDERED.**

**END OF DOCUMENT**